IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARTON ENTERPRISES, INC., and ) <br> BARTON PHARMACIES, INC. ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CARDINAL HEALTH, INC. ) <br> ) <br> Defendant. ) | No. 4:10-CV-324-DDN <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT CARDINAL HEALTH, INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS, OR, IN THE
ALTERNATIVE, TO STAY PENDING ARBITRATION**

Plaintiffs Barton Enterprises, Inc. ("Barton Enterprises") and Barton Pharmacies, Inc., ("Barton Pharmacies") assert claims stemming from Cardinal Health, Inc.'s alleged misconduct involving a License Agreement entered between its subsidiary Medicine Shoppe International, Inc., ("MSI") and Barton Enterprises. Under the License Agreement, all disputes between MSI (or its parents) and Barton Enterprises must be submitted for arbitration to the St. Louis, Missouri office of the American Arbitration Association ("AAA"), upon demand of either party. MSI has already initiated a AAA arbitration proceeding and Barton Enterprises has served MSI with a counterclaim in that arbitration in which it is pursuing substantially the same claims against MSI that it is seeking to assert against Cardinal Health here. Because Barton Pharmacies is also litigating conduct it has deemed to be illegal under the License Agreement, it is estopped from avoiding the mandatory arbitration provision in the License Agreement, despite that it was not a signatory to the same. This action should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(1), or, at the very least stayed pursuant to the dictates of the Federal Arbitration Act ("FAA").

# FACTS

## *The Parties*

Cardinal is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located in Dublin, Ohio.[1] Cardinal is the sole-owner and parent corporation of MSI, a national franchisor that has developed a system for providing training, services and assistance to its licensees for the operation of prescription pharmacies.[2]

Barton Enterprises is an Illinois corporation that operates a MSI franchise in Alton, Illinois pursuant to a license agreement with MSI.[3] Barton Pharmacies is an Illinois corporation that operates a retail pharmacy located in Hardin, Illinois.[4] Joseph D. Barton is the President of both Barton Enterprises and Barton Pharmacies.[5]

## *The License Agreement, Assignment and Guaranty*

As part of the agreements that govern their contractual relationship, on or about March 22, 2001, MSI entered into the License Agreement with Joseph D. Barton and Penny R. Barton, whereby the Bartons agreed to operate The Medicine Shoppe® Pharmacy #1771 for a term of twenty (20) years.[6] In 2001, the Bartons executed an Assignment, Assumption and Consent Agreement, assigning the rights and obligations of The Medicine Shoppe® Pharmacy #1771 License Agreement to Barton Enterprises (the "Assignment").[7] As an inducement to the execution of the Assignment, the Bartons executed an Owner's Guaranty and Assumption of

---

[1] Complaint ("Compl.") at ¶ 2.
[2] *See* Declaration of John Fiacco in Support of Cardinal Health Inc.'s Motion to Dismiss, a copy of which is attached to Cardinal's Memorandum in Support of its Motion to Dismiss, or to Stay Pending Arbitration, or, in the Alternative, to Transfer (Doc. No. 9) as **Exhibit 1,** at ¶¶ 4, 15 and 20 (hereinafter referred to as "Fiacco Decl.").
[3] Compl. at ¶¶ 1, 4 and 6; Fiacco Decl. at ¶¶ 7, 9.
[4] Compl at ¶¶ 1 and 5.
[5] *See* Illinois Secretary of State Corporate Registry (Corp/LLC--Certificate of Good Standing Search), http://www.ilsos.gov/corporatellc/ (last visited November 4, 2009)(specifically searching Barton Enterprises, Inc., and Barton Pharmacies, Inc.).
[6] Fiacco Decl. at ¶ 7 and **Exhibit A** thereto.
[7] Compl. at ¶ 6; Fiacco Decl. at ¶ 9 and **Exhibit B** thereto.

- 2 -

Licensee's Obligations for the Pharmacy (the "Guaranty"), agreeing, among other things, to be personally bound by, and liable to, MSI for the breach by Barton Enterprises of each and every provision in the License Agreement.[8]

### *Arbitration Requirement, Forum Selection Clause and Choice of Law Provisions*

Under the License Agreement, MSI and Barton Enterprises each agreed, save certain exceptions not relevant here, to enter into the arbitration of all disputes. Section 14 (G) of the License Agreement provides:

> **[A]ll controversies, disputes or claims** arising between us and/or our officers, directors, **parents**, affiliates, agents, employees or attorneys (in their representative capacity) and you and/or your shareholders, partners, officers, directors or employees shall be submitted for arbitration to the St. Louis, Missouri office of the American Arbitration Association on demand of either of us. Such arbitration proceedings shall be conducted in St. Louis, Missouri and, except where otherwise provided in this Agreement, such claims shall be heard by one arbitrator in accordance with the then current Commercial Arbitration Rules of the American Arbitration Association…. [Both parties agree that] in connection with any such arbitration proceeding [the parties] shall be bound by…the provisions of Rule 13 of the Federal Rules of Civil Procedure with respect to compulsory counterclaims….

(the "Arbitration Clause").[9] The License Agreement specifies that the Arbitration Clause "…shall continue in full force and effect subsequent to and notwithstanding the expiration or termination of [the] Agreement."[10]

In addition to the text found in Paragraph 14 (G), prior to the parties' signatures on the License Agreement, in bold, centered font, and in all capital letters, the License Agreement states:

---

[8] Fiacco Decl. at ¶ 11 and **Exhibit C** thereto.
[9] Fiacco Decl. at ¶ 13 and **Exhibit A** thereto at § 14 (G)(emphasis added).
[10] Fiacco Decl. at ¶ 16 and **Exhibit A** thereto at § 14 (G).

**THIS AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.** [11]

Under the License Agreement, the parties also agreed that the exclusive venue for any non-arbitrable action between them (and Cardinal, as MSI's sole-shareholder), would lie solely in St. Louis, Missouri. Section 14(I) of the License Agreement provides:

> [A]ny action for a preliminary injunction, to compel arbitration or to enforce an arbitrator's award shall be brought only in the Federal District Court for the Eastern District of Missouri, in St. Louis, Missouri . . . . Any other cause of action which is not required to be arbitrated pursuant hereto, including but not limited to any action against any of our affiliates, officers, directors, **shareholders** and employees, shall likewise only be brought in the Federal District Court for the Eastern District of Missouri, in St. Louis, Missouri, unless such court shall lack jurisdiction, in which case such action shall be brought only in the state courts in St. Louis County, Missouri, and we, and our affiliates, officers, directors, shareholders and employees, you and your owners hereby irrevocably consent to the jurisdiction of such courts and hereby waive any objection to the jurisdiction or venue of such courts.

(the "Forum Selection Clause"). [12]

The License Agreement also includes a choice of law provision that dictates any dispute between Barton Enterprises and MSI, and any of MSI's shareholders, shall be governed and interpreted in accordance with the laws of the State of Missouri. [13]

*Pending Arbitration*

In accordance with the terms of the License Agreement, MSI commenced an arbitration against Plaintiff Barton Enterprises, and the Bartons, as guarantors, in St. Louis, Missouri on or about July 29, 2009 (the "Arbitration"). [14] The Arbitration arises out of the contractual and business relationship between Barton Enterprises and MSI, and, in the Arbitration, MSI seeks

---

[11] Fiacco Decl. at ¶ 17 and **Exhibit A** thereto at p. 26.
[12] Fiacco Decl. at ¶ 18 and **Exhibit A** thereto at § 14(I) (emphasis added).
[13] Fiacco Decl. at ¶ 22 and **Exhibit A** thereto at § 14(H).
[14] Fiacco Decl. at ¶ 23.

- 4 -

license fees (including future license fees) due under the License Agreement based on Barton Enterprises' multiple breaches under the License Agreement, and the Bartons' multiple breaches under the Guaranty.[15]  On or about September 17, 2009, counsel for Barton Enterprises, (who is also counsel for Plaintiffs in this lawsuit), sent a letter to the AAA, entering his appearance in the Arbitration.[16]  At no time has Barton Enterprises contended that the Arbitration Clause is invalid, that it was participating in the Arbitration under objection, or that the AAA was without jurisdiction to entertain the dispute.[17]  On or about January 7, 2010, Barton Enterprises and the Bartons served MSI with a counterclaim in the Arbitration.  The counterclaim seeks substantially the same relief which Plaintiffs seek in the instant litigation.

*The Instant Action*

Notwithstanding the mandatory Arbitration Clause, Plaintiffs commenced this action against Cardinal.  In their Complaint, Plaintiffs have alleged that Cardinal tortiously interfered with their contract and business expectancies.[18]  Specifically, paragraph 9 of Plaintiffs' Complaint states: "…Defendant Cardinal Health, Inc. contacted Walgreens and alleged that **Barton Enterprises** owed MSI the sum of $654,206.99 for future license fees MSI claimed were due under its **license agreement**…."[19]  Neither paragraph 9, nor any other paragraph in the Complaint for that matter, allege that Cardinal made any comments to Walgreens regarding Barton Pharmacies.[20]  In fact, the Complaint clearly states that Cardinal's conduct was allegedly violative of the License Agreement.  Specifically, paragraph 13 of Plaintiffs' Complaint states: "Under the terms of the **license agreement**, when MSI terminates a **license agreement**, it cannot

---

[15] *Id.* at ¶ 24.
[16] *Id.* at ¶ 25.
[17] *Id.* at ¶ 26.
[18] *See generally* Compl.
[19] *See* Compl. at ¶ 9 (emphasis added).
[20] *See generally* Compl.

- 5 -

23297813\V-6

seek future license fees for the remainder of the license term."[21]  Both Plaintiffs' claims indisputably seek redress for Cardinal's comments with respect to Barton Enterprises, and its License Agreement with MSI.  Therefore, both Plaintiffs' claims are subject to the mandatory Arbitration Clause.[22]

This matter was originally filed in the federal district court for the Southern District of Illinois.  Cardinal filed essentially this same motion in that Court.  The Court granted the motion and transferred this matter here based upon the forum selection clause in the License Agreement.

## ARGUMENT

### I.      Applicable Law

The License Agreement specifies that any dispute between Barton Enterprises and Cardinal must be governed by Missouri law.[23]  Generally, in a diversity case, state law governs substantive matters while federal law governs procedural issues.[24]

### II.     This Action Should Be Dismissed Under Rule 12(b)(1), or Alternatively, Should Be Stayed Because Plaintiffs' Claims are Subject to the Arbitration Clause

Because the claims brought by Plaintiffs are subject to the Arbitration Clause, they should be decided by an arbitrator rather than this Court, and this action should be therefore be dismissed under Federal Rule of Civil Procedure 12(b)(1),[25] or otherwise should be stayed pending resolution of the Arbitration (which will be dispositive as to the issues in this case).

#### A.      This Action Is Subject To The Federal Arbitration Act

---

[21] *See* Compl. at ¶ 13 (emphasis added).
[22] *See* Fiacco Decl. at ¶ 13 and **Exhibit A** thereto at § 14(G).
[23] Fiacco Decl. at ¶ 22 and **Exhibit A** thereto at § 14(H).
[24] *See Ashley County v. Pfizer Inc.*, 552 F.3d 659, 665 (8th Cir. 2009); *Drake v. North American Phillips Corp.*, 204 F. Supp. 2d 1204, 1206 (E.D. Mo. 2002).
[25] *See Hastings v. Wilson*, 516 F.3d 1055, 1058-60 (8th Cir. 2008) (affirming trial court's finding that it lacked subject matter jurisdiction where plaintiff's claims were subject to statute's mandatory arbitration provision).  *See also Lighting and Power Services, Inc. v. Interface Construction Corp.*, 553 F.3d 1150, 1152 (8th Cir. 2009) (noting that defendant presented motion to compel arbitration as Rule 12(b)(1) motion to dismiss, before affirming denial of motion on various substantive grounds).

This action is subject to the provisions of the Federal Arbitration Act ("FAA").[26] The FAA is a national substantive law that supplants state arbitration laws. The FAA applies when a contract containing an arbitration clause affects interstate commerce.[27] All requisites of the FAA are satisfied in this case. For one, the parties to the License Agreement -- a franchisor and a franchisee--- are citizens of different states.[28] The License Agreement between MSI and Plaintiff Barton Enterprises therefore affects interstate commerce within the meaning of 9 U.S.C. §2.[29] Because the parties agreed to arbitrate disputes of this type,[30] the FAA requires that Plaintiffs' claims be resolved by arbitration, not by litigation. Relevant provisions of the FAA follow:

> 9 U.S.C. § 2 of the FAA provides:
>
>> A written provision in any …contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.[31]
>
> 9 U.S.C. § 3 of the FAA provides:
>
>> If any suit or proceeding be brought in any of the courts of the United States upon an issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with

---

[26] *See* 9 U.S.C. § 1, *et seq*.
[27] *See* 9 U.S.C. § 2.
[28] Compl. at ¶¶ 1, 2 and 6.
[29] *See Barker v. Golf U.S.A., Inc.*, 154 F.3d 788, 790-91 (8th Cir. 1998), *cert denied*, 525 U.S. 1068 (1999) (arbitration agreement involved interstate commerce where franchisor and franchisee were located in different states, and agreement contemplated transfer of inventory and money between the states); *Creson v. Quickprint of Am., Inc.*, 558 F. Supp. 984, 986 (W.D. Mo. 1983).
[30] Fiacco Decl. at ¶ 13, 14, 16 and 17 and **Exhibit A** thereto at ¶ 14 (G) and page 26.
[31] 9 U.S.C. § 2.

the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.[32]

9 U.S.C. § 4 of the FAA provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement….[33]

In this instance, this Court must determine "whether [the]…dispute falls within the scope of the [arbitration] clause."[34] In so doing, this Court "does not reach the potential merits of any claim."[35] In determining arbitrability, a district court should be mindful of "the 'liberal federal policy favoring arbitration agreements,'"[36] and should "send a claim to arbitration when presented with a broad arbitration clause…as long as the underlying factual allegations simply 'touch matters covered by' the arbitration provision."[37] When all the claims in a cause of action are subject to an arbitration agreement, dismissal is proper.[38]

### B.   This Particular Action Must Be Dismissed or Stayed Because Both Plaintiffs' Claims Originate From Action Taken Pursuant to the License Agreement with Barton Enterprises.

---

[32] *Id.* at § 3.
[33] *Id.* at § 4.
[34] *3M Co. v. Amtex Security, Inc.*, 542 F.3d 1193, 1198-99 (8th Cir. 2008).
[35] *Id.* at 1199.
[36] *Id.* (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 24 (1983)).
[37] *Id.* (quoting *Mitsubishi Motors Corp v. Soler Chrysler Plymouth, Inc.*, 473 U.S. 614, 625 n.13 (1985)).
[38] *See, e.g., Barker*, 154 F.3d at 790-93 (upholding the Eastern District of Missouri's dismissal of a franchisee's suit which was subject to the franchise agreement's arbitration clause). Incidentally, there is also a very strong public policy in the Eighth Circuit that is generally in favor of holding parties to their agreements. *See, e.g.*, *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 791 (8th Cir. 2006) (finding that there is a "strong…public policy in favor of holding parties to their agreements").

- 8 -

Under Eighth Circuit law, all allegations that "touch matters covered by" a broad arbitration provision are subject to arbitration, regardless of whether those matters sound in contract or tort.[39] The instant dispute most clearly touches matters covered by the License Agreement's Arbitration Clause.  In this action, despite that Barton Pharmacies is not a party to the License Agreement, the Complaint is premised upon actions that Cardinal took with respect to Barton Enterprises pursuant to the License Agreement.  While Cardinal denies that it acted unlawfully in any regard, notably, paragraph 9 of Plaintiffs' Complaint states that Cardinal contacted Walgreens and alleged that Barton Enterprises owed MSI the sum of $654,206.99 for future license fees under the License Agreement.[40]  Moreover, Plaintiffs contend in paragraph 13 of their Complaint, that MSI cannot seek future license fees for the remainder of the license term, under the terms of the License Agreement.[41]   Because the Arbitration Clause broadly encompasses "controversies, disputes, or claims"[42] arising between MSI (or its parents) and Barton Enterprises, disagreements regarding Cardinal's alleged misconduct vis-à-vis Barton Enterprises unquestionably touch upon matters subject to the Arbitration Clause.  Therefore, Plaintiffs' claims clearly belong in arbitration.

Moreover, the obligation to arbitrate a dispute is not limited to those who have personally signed a written arbitration agreement.[43]  Rather, a nonsigantory may be bound to an arbitration agreement under a theory of estoppel.[44]  Thus, a party may be estopped from asserting that an arbitration clause contained in a particular document is inapplicable "when it receives a direct

---

[39] *PRM Energy Systems, Inc. v. Primenergy, LLC*, 592 F.3d 830, 837 (8th Cir. 2010).
[40] *See* Compl. at ¶ 9.
[41] *Id.* at ¶ 13.
[42] *See* Fiacco Decl., **Exhibit A** thereto at § 14(G)
[43] *See Lighting and Power Services, Inc. v. Interface Construction Corp.*, No. 07-cv-1144 DDN, 2007WL2710030 at *3 (E.D. Mo. Sept. 11, 2007).
[44] *Id*. at *4.

- 9 -

benefit from a contract containing an arbitration clause."[45]  "Direct benefit estoppel involves a nonsignatory who embraces the contract despite their nonsignatory status, yet attempts to repudiate the accompanying arbitration clause."[46]  Here, Barton Pharmacies has embraced the License Agreement by relying thereon in filing suit against Cardinal.  Because Barton Pharmacies has embraced the License Agreement, therefore, it cannot now repudiate the accompanying Arbitration Clause.  Accordingly, this action must be dismissed as these claims belong properly in the Arbitration.

### C. Because the Arbitration Will Be Dispositive Regarding Issues In This Case, The Court Should, at the Very Least, Stay This Action Pending Resolution of the Arbitration.

The Arbitration will be dispositive regarding the issues brought forth in this case.  In the pending Arbitration, MSI seeks license fees (including future license fees or lost profits) due under the License Agreement (and Guaranty) because of Barton Enterprises' multiple and severe breaches under the License Agreement and the Bartons' multiple breaches under the Guaranty.[47]  Furthermore, Barton Enterprises and the Bartons have served MSI with a counterclaim in the Arbitration that seeks substantially the same relief Plaintiffs seek here.  Therefore, pursuant to the FAA, this Court should, at the very least, stay this action pending resolution of the Arbitration, so as to avoid potentially inconsistent or duplicative verdicts, and to avoid wasting time and judicial resources.

## CONCLUSION

For the foregoing reasons, Defendant Cardinal Health, Inc., respectfully requests that this Court dismiss this action, or, at the very least, stay this litigation pending resolution of the Arbitration.

---

[45] *Id.* (quotations removed).
[46] *Id.* (citing *Hellenic Inv. Fund, Inc. v. Det Norkse Veritas*, 464 F.3d 514, 517-18 (5th Cir. 2006)).
[47] Fiacco Decl. at ¶ 24.

- 10 -

- 11 -

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP


By:  /s/ Celia K. Douglas
    Stephen J. O'Brien #27146
    Sarah E. Carlson #516939
    Celia K. Douglas #518152
    One Metropolitan Square, Suite 3000
    St. Louis, MO 63102
    (314) 241-1800
    Fax: (314) 259-5959

*Attorneys for Defendant Cardinal Health, Inc.*

23297813\V-6

- 12 -

## Certificate of Service

The undersigned counsel hereby certifies that on the 6th day of April 2010, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

>Stephen B. Evans, Esq.
>The Evans Partnership
>8000 Maryland Avenue
>Suite 640
>St. Louis, MO 63105
>*Attorney for the Plaintiffs*



                /s/ Celia K. Douglas